UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor, | : |
| | : |
| Plaintiff, | **COMPLAINT** |
| v. | : |
| FTR ELECTRICAL AND MECHANICAL CONTRACTORS, INC. d/b/a FTR ELECTRICAL & HVAC SERVICES; ANTONIO GONCALVES, individually, and FRANCISCO CARMO, individually, | Civil Action No. 20-6332 : : |
| Defendants. | : |

---

Plaintiff EUGENE SCALIA, Secretary of Labor, United States Department of Labor (the "Secretary"), by and through undersigned counsel, brings this action under sections 16 and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act" or "the FLSA"), alleging that Defendants violated sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act, to recover back wages, liquidated damages, and to enjoin acts and practices which violate the provisions of the FLSA, and to obtain other appropriate relief.

Defendants, who operate an electrical and HVAC installation and repair business in Union, New Jersey, have willfully violated the FLSA by failing to pay their employees for all hours worked and the applicable overtime premiums for hours worked in excess of forty each week, and by failing to keep accurate and/or complete time and pay records. From on or about September 22, 2016 through at least September 20, 2019 (the "relevant time period"), Defendants did not pay proper overtime to their employees who typically and regularly worked between approximately 45 and 54 hours per week and did not keep records of all hours worked by employees and all wages paid to employees. Defendants only paid employees for a maximum of eight hours each workday,

despite the fact that employees regularly worked an additional 30 to 90 minutes each workday. Further, Defendants attempted to conceal the fact that employees worked more than forty hours a week by prohibiting them from clocking out at the end of the workday and paying them in cash for overtime hours worked.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in the United States District Court for New Jersey because a substantial part of the events and/or omissions giving rise to the claims occurred in this district, specifically in Union, New Jersey.

## FACTUAL ALLEGATIONS

### The Parties

3. Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages and is the proper plaintiff for this action.

4. Defendant FTR Electrical and Mechanical Contractors, Inc. d/b/a FTR Electrical & HVAC Services ("FTR Electrical and Mechanical") is a corporation organized under the laws of the state of New Jersey, having its principal place of business at 461 Lehigh Avenue, Union, New Jersey 07083, within the jurisdiction of this Court, where it was engaged in operating an electrical and HVAC installation and repair business.

5. Defendant FTR Electrical and Mechanical has regulated the employment of all persons employed by it and acted directly and indirectly in the corporation's interests in relation to its employees, and is thus an employer of its employees within the meaning of section 3(d) of the Act.

6. Defendant Antonio Goncalves ("Goncalves") is and was in active control and management of Defendant FTR Electrical and Mechanical.

7. Defendant Goncalves is married to Maria Goncalves, who is President and partial owner of FTR Electrical and Mechanical.

8. Defendant Goncalves had the authority to hire and fire employees of Defendant FTR Electrical and Mechanical.

9. Defendant Goncalves hired employees of Defendant FTR Electrical and Mechanical.

10. Defendant Goncalves had the authority to supervise and control employee work schedules or conditions of employment of Defendant FTR Electrical and Mechanical.

11. Defendant Goncalves supervised employees of Defendant FTR Electrical and Mechanical.

12. Defendant Goncalves set the work schedules of employees of Defendant FTR Electrical and Mechanical.

13. Defendant Goncalves had the authority to determine the rate and method of payment of employees of Defendant FTR Electrical and Mechanical.

14. Defendant Goncalves set pay rates of employees of Defendant FTR Electrical and Mechanical.

15. Defendant Goncalves had the authority to maintain employment records of Defendant FTR Electrical and Mechanical.

16. Defendant Goncalves maintained employment records of Defendant FTR Electrical and Mechanical.

17. Accordingly, Defendant Goncalves regulated the employment of all persons employed by him and is a person acting directly or indirectly in the interests of Defendant FTR Electrical and Mechanical in relation to the employees and is thus an employer within the meaning of section 3(d) of the Act.

18. Upon information and belief, Defendant Goncalves resides in the state of New Jersey, within the jurisdiction of this Court.

19. Defendant Francisco Carmo ("Carmo") is the Vice President of Defendant FTR Electrical and Mechanical.

20. Defendant Carmo is a partial owner of Defendant FTR Electrical and Mechanical.

21. Defendant Carmo is and was in active control and management of Defendant FTR Electrical and Mechanical.

22. Defendant Carmo had the authority to hire and fire employees of Defendant FTR Electrical and Mechanical.

23. Defendant Carmo hired employees of Defendant FTR Electrical and Mechanical.

24. Defendant Carmo had the authority to supervise and control employee work schedules or conditions of employment for Defendant FTR Electrical and Mechanical.

25. Defendant Carmo supervised employees of Defendant FTR Electrical and Mechanical.

26. Defendant Carmo set the work schedules of employees of Defendant FTR Electrical and Mechanical.

27. Defendant Carmo had the authority to determine the rate and method of payment of employees of Defendant FTR Electrical and Mechanical.

28. Defendant Carmo set pay rates for employees of Defendant FTR Electrical and Mechanical.

29. Defendant Carmo had the authority to maintain employment records of Defendant FTR Electrical and Mechanical.

30. Defendant Carmo maintained employment records of Defendant FTR Electrical and Mechanical.

31. Accordingly, Defendant Carmo regulated the employment of all persons employed by him and is a person acting directly or indirectly in the interests of Defendant FTR Electrical and Mechanical in relation to the employees and is thus an employer within the meaning of section 3(d) of the Act.

32. Upon information and belief, Defendant Carmo resides in the state of New Jersey, within the jurisdiction of this Court.

**Defendants Are an Enterprise Engaged in Commerce**

33. The business activities of the Defendants, as described herein, are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the Act.

34. Defendants have employed and are employing employees as electricians, electrician helpers and HVAC technicians, including those employees listed in Exhibit A, in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including the employment of employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person, such as electrical materials, supplies and components.

35.     The enterprise has an annual gross volume of sales made or business done in an amount not less than $500,000 at all times relevant to this Complaint.

36.     Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act.

## Tolling Agreement

37.     On or about October 28, 2019, Defendants and the Secretary knowingly and voluntarily entered into a Statute of Limitations Tolling Agreement ("tolling agreement").

38.     The tolling agreement tolls the applicable statute of limitations beginning on July 5, 2019 through the date the tolling agreement is terminated.

39.     The Secretary terminated the tolling agreement effective May 26, 2020.

40.     Accordingly, the statute of limitations is tolled from July 5, 2019 through May 26, 2020.

## Defendants' Pay Practices

41.     From on or about September 22, 2016 through at least September 20, 2019, Defendants employed approximately 89 employees in several job categories, including electricians, electrician helpers and HVAC technicians.

42.     Defendants paid their non-exempt employees hourly rates ranging from $10.00 to $30.00.

43.     During the relevant time period, Defendants paid their employees their wages by check and/or in cash.

44.     During the relevant time period, Defendants paid employees by check for their first forty hours worked and in cash for hours worked in excess of forty in a workweek.

45.     During the relevant time period, Defendants' employees typically worked between approximately 45 and 54 hours in a workweek.

*Defendants Failed to Pay Employees for All Hours Worked*

46. Defendants required employees to work off the clock and did not pay employees for all hours worked.

47. Employees clocked in when they started work each workday, but were directed by Defendants not to clock out when they finished working at the end of each workday.

48. Defendants only paid employees for a maximum of eight hours each workday, regardless of how many hours employees actually worked each day.

49. During the relevant time period, during overtime workweeks, Defendants' employees regularly worked more than eight hours each work day, resulting in workweeks longer than forty hours, but were not paid any wages for the additional time worked.

50. During the relevant time period, Defendants' employees regularly worked an additional thirty minutes to ninety minutes each workday for which they were not paid.

51. For example, Defendants' payroll records for workweek ending June 7, 2019 indicate that most employees worked forty hours. Upon information and belief, employees worked approximately 45 to 54 total hours that workweek.

52. As a result of the practices described herein, Defendants failed to compensate at least 89 former and current employees for all hours worked in workweeks longer than forty hours at a rate not less than one and one-half times the regular rate at which they were employed.

*Defendants Failed to Pay Proper Overtime*

53. Defendants did not pay employees the required premium of one and one-half times the employees' regular rates for hours worked in excess of forty in a workweek.

54. For all workweeks, Defendants compensated their employees at their regular hourly rate of pay regardless of the amount of hours worked in excess of forty hours in a workweek.

55. For example, in the week ending February 2, 2018, Defendants' records indicate that two employees worked six days and more than forty hours and were paid $13.00 per hour for all hours worked.

56. As another example, in the week ending March 1, 2019, Defendants' records indicate that three employees worked six days and more than forty hours and were paid $15.00 per hour for all hours worked.

57. As a result of the practices described herein, Defendants failed to compensate at least 89 former and current employees for work performed in workweeks longer than forty hours at a rate not less than one and one-half times the regular rate at which they were employed.

## Defendants Failed to Keep Adequate and Complete Records

58. During the relevant time period, Defendants failed to make, keep and/or preserve adequate and accurate records, including employees' actual total daily and weekly hours worked, overtime hours worked and total weekly wages paid as prescribed by the regulations at 29 C.F.R. Part 516.

59. Defendants were required to make, keep and preserve records of the persons employed by them, including, but not limited to, total hours worked each workday and workweek and the total regular and overtime wages paid each pay period for a period of three years and make them available for inspection by the Department of Labor upon request. During the relevant time period, Defendants did not maintain accurate records of employees' hours worked.

60. Employees recorded their starting work times by clocking in each workday using a time clock located at Defendants' workplace.

61. Defendants instructed their employees not to clock out when they finished work each workday.

62. Defendants failed to make, keep and maintain records of the amount of cash wages paid to their employees.

**Defendants' Actions Were Willful**

63. Defendants attempted to conceal the fact that employees worked more than forty hours in a workweek by directing employees not to record the time they finished work each workday.

64. Defendants also attempted to conceal the fact that they failed to pay employees proper overtime compensation when they worked more than forty hours in a workweek by paying employees by check for regular hours worked and cash for hours worked over forty each week.

65. By refusing to pay employees for more than eight hours each workday, despite the fact that employees regularly worked more than eight hours each workday, Defendants failed to pay employees for all hours worked.

66. Defendants were investigated by the State of New Jersey Department of Labor, Division of Wage and Hour Compliance ("NJ DOL") in or about October 2015 for failure to pay proper overtime and failure to keep records of overtime hours worked.

67. The New Jersey Department of Labor, Division of Wage and Hour Compliance's 2015 investigation found that Defendants failed to pay proper overtime to one employee and failed to keep records of overtime hours worked by the same employee during the period of May 20, 2014 through January 25, 2015.

68. As a result of the State of New Jersey's investigation, Defendants were aware in or about October 2015 that they were required to pay employees overtime when they worked more than forty hours a week and to keep records of overtime hours worked.

69. Despite this knowledge, Defendants continued to employ employees for workweeks longer than forty hours without compensating the employees at a rate not less than one and one-half the regular rate at which they were employed and also failed to keep records of overtime hours worked by all employees.

70. Accordingly, Defendants' failure to pay overtime and failure to make, keep and/or preserve records of overtime hours worked during the relevant time period was willful.

## FIRST CAUSE OF ACTION

**Violation of Sections 7(a) and 15(a)(2) of the FLSA, Failure to Pay Overtime**

71. The Secretary incorporates by reference and realleges the allegations in paragraphs 1 through 70.

72. Defendants have and are willfully and repeatedly violating sections 7 and 15(a)(2) of the Act for failing to pay at least 89 former and current employees for all hours worked in workweeks longer than forty hours without compensating the employees at a rate not less than one and one-half the regular rate at which they were employed.

73. Defendants have and are willfully and repeatedly violating sections 7 and 15(a)(2) of the Act by employing at least 89 former and current employees for workweeks longer than forty hours without compensating the employees at a rate not less than one and one-half the regular rate at which they were employed.

74. Accordingly, Defendants are liable for unpaid overtime compensation and an equal amount in liquidated damages pursuant to section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under section 17 of the Act.

## SECOND CAUSE OF ACTION

### Violation of Sections 11(c) and 15(a)(5) of the FLSA, Recordkeeping

75.     The Secretary incorporates by reference and realleges the allegations in paragraphs 1 through 74.

76.     Defendants have willfully and repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that Defendants failed to make, keep, and/or preserve adequate and accurate records, including employees' actual daily and weekly hours worked, overtime hours worked and total weekly wages paid, as prescribed by the regulations issued and found at 29 CFR Part 516.

## RELIEF REQUESTED

**WHEREFORE**, cause having been shown, Plaintiff respectfully prays for judgment against Defendants providing the following relief:

(1)     An injunction issued pursuant to section 17 of the Act permanently restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from violating the provisions of sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act;

(2)     An order pursuant to section 16(c) of the Act finding Defendants liable for unpaid overtime compensation found due Defendants' employees listed on the attached Exhibit A and an equal amount of liquidated damages (additional overtime compensation and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this Complaint or to the present if violations are continuing); or;

(3)     In the event liquidated damages are not awarded, for an injunction issued pursuant to section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid

overtime compensation found due Defendants' employees, and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

(4) An order compelling Defendants to reimburse the Secretary for the costs of this action; and

(5) An order granting such other relief as the Court may deem necessary or appropriate.

DATED:   May 26, 2020
         New York, New York

                                              KATE S. O'SCANNLAIN
                                              Solicitor of Labor

                                              JEFFREY S. ROGOFF
                                              Regional Solicitor

                                              <u>/s SUSAN B. JACOBS</u>
                                              SUSAN B. JACOBS
                                              Senior Trial Attorney

                                              U.S. Department of Labor
                                              Office of the Solicitor
                                              201 Varick Street, Room 983
                                              New York, NY 10014
                                              Tel: 646.264.3664
                                              Jacobs.Susan@dol.gov

                                              Attorneys for Plaintiff, Secretary of Labor Eugene Scalia

## **EXHIBIT A**

| | |
|---|---|
| Ruben | Alvarez |
| Bruno | Amaral |
| Lucas | Araujo |
| Filipe | Arruda |
| Jose | Arruda |
| Andres | Agudelo |
| Gregorio | Becerra |
| Erlin | Cabrera |
| Franklin | Castellanos Bonilla |
| Edgar | Burguam |
| Angel | Castro |
| Carlos | Castro |
| Daniel | Castro |
| Kevin | Castro |
| Julio | Cesar Chavez |
| Profirio | Collado |
| Patrick | Cunha |
| Filipe | Da Silva |
| Jason | De La Cruz |
| Omar | Do Carmo |
| Franco | Feijo |
| Paulo | Ferreira |
| Fabio | Figueiredo |
| Vladimiro | Figueiredo |
| Marcus | Fiorim |
| Carlos | Fonseca |
| Pablo | Freitas |
| Jorge | Garcia |
| Godofredo | Gomez |
| Bryan | Goncalves |
| Fabio | Goncalves |
| Guillermo | Gurera |
| Heriberto | Gutierrez |
| Carlos | Henriquez |
| Elmer | Henriquez |
| Esteban | Irias |
| Jason | Lopez |
| Jaime | Lucero |
| Christian | Macias |
| Jorge | Marti |
| Alexander | Martinez |
| Jose | Martinez |

| | |
|---|---|
| Francisco | Martinho |
| Wilmer | Montoya |
| Raul | Morales |
| Sebastian | Morales |
| Jose | Moreno |
| Maycon | Nery |
| Eduardo | Nicolas |
| Filipe | Novais |
| Jean | Ordonez |
| Yery | Ortez |
| Ian | Osega |
| David | Osorto |
| Miller | Palacios |
| Junot | Peigne |
| Eduardo | Peralta |
| Cesario | Pereira |
| Filipe | Pessanha |
| Juan | Pineda |
| Armando | Pisciotti |
| Byron | Proanhio |
| Jhon | Quispe |
| Michal | Rachwal |
| Fernando | Rodriguez |
| Oscar | Romero |
| Billy | Sanjinez |
| Paulo | Santos |
| Stalin | Sarango |
| Filipe | Silva |
| Juan | Sis |
| Mateus | Tancredo |
| Emilio | Tapia |
| Bayron | Tarrallo |
| Marco | Toro |
| Esteban | Torres |
| Jean Paul | Turjillo |
| Juan | Valera |
| Carlos | Vazquez |
| Juan | Vazquez |
| Julio | Velazquez |
| George | Ventura |
| Orlando | Ventura |
| Jim | Vilca |
| Andres | Villalobos |
| Ian | Viteri |

| | |
|---|---|
| Shaine | Wright |
| Ignacio | Zarate |
| Jose | Zevallos |

A-3