UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | : <br> : <br> : |
| Plaintiff, | **CONSENT JUDGMENT** |
| v. | : |
| FTR ELECTRICAL AND MECHANICAL CONTRACTORS, INC. d/b/a FTR ELECTRICAL & HVAC SERVICES; ANTONIO GONCALVES, individually, and FRANCISCO CARMO, individually, | Case No. 20-06332 (CCC, ESK) <br> : <br> : <br> **ORDER** |
| Defendants. | |

---

1. Plaintiff, MARTIN J. WALSH, the Secretary of Labor ("Plaintiff"), has filed his Complaint and Defendants FTR ELECTRICAL AND MECHANICAL CONTRACTORS, INC. d/b/a FTR ELECTRICAL & HVAC SERVICES, ANTONIO GONCALVES, and FRANCISCO CARMO ("Defendants") appeared by Counsel and agree to the entry of this Consent Judgment without contest.

2. Defendants agree that they are a covered enterprise under sections 3(r) and 3(s) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq*.) (the "Act" or the "FLSA") and that the provisions of the Act apply to Defendants.

3. Defendants agree that Defendants Antonio Goncalves and Francisco Carmo regulated the employment of all persons employed by them and are thus employers within the meaning of section 3(d) of the Act.

4. Defendants submit to the jurisdiction of this Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enter and enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be

1

required as a result of this Order.

5. Defendants acknowledge and admit that they violated certain provisions of the Act. Specifically, Defendants acknowledge and admit that between September 22, 2016 through September 25, 2019 certain employees routinely worked in excess of 40 hours per week without receiving additional premium pay for overtime hours. Defendants also acknowledge and admit that between September 22, 2016 through September 25, 2019 certain employees routinely worked additional time each workday for which they were not paid.

6. Defendants further acknowledge and admit that between September 22, 2016 through September 25, 2019 they did not make, keep, and preserve all records of wages, hours, and other conditions and practices of employment maintained by them as required by sections 11(c) and 15(a)(5) of the Act, and as prescribed by the regulations found in 29 C.F.R. Part 516 that are issued, and from time to time amended, pursuant to section 11(c) of the Act.

7. By letter dated May 28, 2020, the Wage and Hour Division of the U.S. Department of Labor ("WHD") issued a notice of assessment of FLSA Civil Money Penalties ("CMPs") to Defendants for WHD Case Number 1884567 pursuant to section 16(e)(2) of the Act, 29 U.S.C. § 216(e)(2), and 29 C.F.R. Part 580. By letter dated June 11, 2020, Defendants timely filed an exception and request for hearing pursuant to 29 C.F.R. § 580.6.

8. This Consent Judgment resolves all disputes regarding the CMPs issued to Defendants on May 28, 2020 arising out of WHD Case Number 1884567. Having resolved all disputes in connection to the CMPs issued to Defendants, Defendants withdraw their June 11, 2020 exception and agree to pay the CMPs in accordance with Paragraphs II and III.B. of this Consent Judgment.

9. Defendants acknowledge that they have notice of, and understand, the provisions

of this Consent Judgment, and acknowledge their responsibilities pursuant to this Consent Judgment, and acknowledge that they will be subject to sanctions in contempt of this Court and may be subject to punitive damages if they fail to comply with the provisions of this Consent Judgment.  This Consent Judgment hereby resolves all remaining claims in this matter.

It is, therefore, upon motion of the attorneys for Plaintiff and for cause shown ORDERED that:

I.   Defendants, their officers, employees, agents, and all persons acting or claiming to act in Defendants' behalf and interest, be, and hereby are, permanently enjoined and restrained from violating the provisions of sections 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Act, in any of the following manners:

(1) Defendants shall not, contrary to section 7 of the Act, employ any of their non-exempt employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates.

(2) Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to section 11(c) of the Act and found at 29 C.F.R. Part 516.

(3) Defendants shall not discharge or take any retaliatory action against any employee because the employee engages in, or is believed to have engaged in, any of the following activities:

      a.    Discloses, protests, or threatens to disclose or protest to a supervisor or to a public agency any activity, policy, or practice of Defendants or another employer with whom there is a business relationship, that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;

      b.    Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by Defendants or another employer with whom there is a business relationship; or

      c.    Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act.

    II.    Upon the parties' agreement that unpaid overtime back wages are owed and shall be paid to the employees listed in the attached Exhibit A in the amount of **$355,846.92**, plus an equal additional amount of liquidated damages of **$355,846.92** and post-judgment interest, and Civil Money Penalties in the amount of **$13,306.16**, plus post-judgment interest, for a total amount of **$728,143.75**, it is:

ORDERED that Defendants and all persons acting on their behalf are enjoined and restrained from withholding the payment of **$355,846.92** in unpaid overtime back wages due Defendants' current and former employees listed in Exhibit A.  Further, Defendants shall pay a total of **$355,846.92** in liquidated damages, plus **$2,877.63** in post-judgment interest due, to Defendants' employees listed in Exhibit A, and **$13,306.16** in Civil Money Penalties, plus **$266.12**

in post-judgment interest due, to the Plaintiff. These payments shall be made by Defendants in accordance with Paragraph III of this Consent Judgment.

  III. The provisions of this Consent Judgment relative to back wage payments, liquidated damages, post-judgment interest, and Civil Money Penalties shall be deemed satisfied when Defendants fully comply with the terms of payment set forth below and in the attached Exhibit B. Payment of the monies owed shall be made beginning with a down payment of **$181,250.00** made within thirty (30) calendar days of the date of entry of this Consent Judgment. The remaining balance of **$546,893.75** shall be made in thirteen (13) monthly installment payments according to Exhibit B. All payments shall be paid by Defendants by credit card, debit card, or bank account transfer by completing the following steps:

    A. For electronic payment of the back wages, liquidated damages, and post-judgment interest due employees totaling **$714,571.47**, Defendants shall follow the following instructions: Go to https://pay.gov/public/form/start/77689032, select "Continue to Form" and complete the required fields. For "BW Case Number" enter "**1884567**". The "Date of Assessment" is the date this Consent Judgment is approved by the Court.

    B. For electronic payment of the Civil Money Penalties and post-judgment interest due Plaintiff totaling **$13,572.28**, Defendants shall follow the following instructions: Go to https://pay.gov/public/form/start/77734139, select "Continue to Form" and complete the required fields. For "CMP Case Number" enter "**1884567**". The "Date of Assessment" is the date this Consent Judgment is approved by the Court.

  IV. The Secretary shall distribute Defendants' payments for back wages, liquidated damages, and post-judgment interest due, less any legal deductions, to the former and current employees, or to their estates, as set forth in Exhibit A. Any sums not distributed within a period

of three years from the date of receipt shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts. Defendants remain responsible for paying the employer's share of any applicable taxes to the appropriate state and federal revenue authorities.

      V.    Defendants, and anyone acting on their behalf, shall not in any way directly or indirectly demand, require or accept any of the back wages, liquidated damages, interest, or Civil Money Penalties from any person listed in Exhibit A or from their personal representatives or estates. Defendants, and anyone acting on their behalf, shall not threaten or imply that adverse action will be taken against any person because of his or her receipt of funds due under the provisions of this Consent Judgment or the Act. Violation of this Paragraph V may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

      VI.    Defendants shall assist the Plaintiff in the distribution of the back wages, liquidated damages, and interest due by providing the last known addresses and social security numbers, if such is available, of the current and former employees listed in Exhibit A within twenty-one (21) calendar days of the date of entry of this Consent Judgment.

      VII.    In the event that Defendants fail to make any of the payments as set forth in Paragraph III of this Consent Judgment within fifteen (15) calendar days of its due date, then Defendants consent to the entry of a Writ of Execution, consistent with the terms of this Consent Judgment and pursuant to Rule 69 of the Federal Rules of Civil Procedure, to enforce the monetary terms of this Consent Judgment. Such a writ of execution shall be limited to the pending remaining balance of the Defendants' monetary obligations under this Consent Judgment at the time such writ is issued. The Secretary may represent in filing for such a writ that Defendants consent to its issuance. Upon request from the Secretary, Defendants agree to furnish a complete and accurate

list of their real, personal, and business property with an estimated value of $2,000.00 or more and the locations of such property for purposes of the Secretary seeking a Writ of Execution in accordance with this Paragraph of the Consent Judgment.

VIII.  ORDERED that Defendants shall distribute a copy of the attached Exhibit C in English and Spanish to each current employee within twenty (21) calendar days of the date of entry of this Consent Judgment.

IX.  Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees not listed in Exhibit A of this Consent Judgment, be they current or former employees, to file any action against Defendants under section 16(b) of the Act or likewise for any current or former employee listed in Exhibit A of this Consent Judgment to file any action against Defendants under section 16(b) of the Act for violations alleged to have occurred after September 25, 2019.

X.  Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

XI.  The Court retains jurisdiction over this matter for the purposes of enforcing this Consent Judgment.

DATED: **February 3, 2022**

SO ORDERED:

*/s/ Edward S. Kiel*
**Edward S. Kiel**
**United State Magistrate Judge**

Defendants appeared by the undersigned counsel and consent to the entry of this Judgment.

BY:  *[signature]*
FTR ELECTRICAL AND MECHANICAL CONTRACTORS, INC.
By: FRANCISCO CARMO, Vice President

*[signature]*
ANTONIO GONCALVES, Individually

*[signature]*
FRANCISO CARMO, Individually

*[signature]*
MICHAEL K. CHONG, ESQ.
Law Offices of Michael K. Chong, LLC
2 Executive Drive, Suite 240
Fort Lee, NJ 07024
Telephone: 201-947-5200
Email: mcohen@kdvlaw.com

Attorney for Defendants

8